UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
GAIL WILLIAMS,

                      Plaintiff,

      -against-

AFRICAN AMERICAN PLANNING
COMMISSION, INC.,

                      Defendant.
------------------------------------------------------------------x

Index No.

**SUMMONS**

**TO THE ABOVE-NAMED DEFENDANTS:**

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with the summons, to serve a notice of appearance, on the Plaintiffs' attorney within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York). In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint. A copy of the Summons and Complaint will be filed with the United States District Court of the Southern District of New York of 500 Pearl Street, New York, New York 1007.

Dated: New York, New York
           December 2, 2019

                                               Leonard Zack, Esq.
                                               **LEONARD ZACK & ASSOCIATES**
                                               *Attorneys for Plaintiffs*
                                               505 Park Avenue, 18th Floor
                                               New York, NY 10022
                                               Tel: (212) 754-4050

To:    **African American Planning Commission, Inc.**
          *Defendant*
          P.O. Box 330-707
          Brooklyn, New York 11233

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GAIL WILLIAMS,

                        Plaintiff,

    -against-

AFRICAN AMERICAN PLANNING
COMMISSION, INC.,

                      Defendant.
------------------------------------------------------------x

Index No.

**COMPLAINT**

Jury Trial Demanded

Venue based on case arising from a federal question

Plaintiff GAIL WILLIAMS ("Ms. Williams"), by her attorneys, Leonard Zack & Associates, allege upon knowledge to herself and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), codified as 29 U.S.C. § 207, New York Labor Law ("NYLL") § 663, and 12 New York Codes Rules and Regulations ("NYCRR") § 146-1.4 to recover unpaid overtime compensation owed to Ms. Williams by Defendant African American Planning Commission, Inc. ("Defendant" or "AAPC").

2. Beginning on or about July 30, 2015 and continuing through on or about February 15, 2019, Defendant has engaged in a policy and practice requiring Ms. Williams to regularly work without being paid overtime wages, as required by applicable federal and state law.

3. Ms. Williams has initiated this action seeking overtime compensation, plus interest, damages, attorneys' fees, and costs.

## THE PARTIES

4. Ms. Williams resides in the State of New York and was employed by Defendant from approximately July 30, 2015 to February 15, 2019 as a Family Care Monitor.

1

5. Defendant is a not-for-profit corporation organized and existing under the laws of the State of New York.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, in that this civil action arises out of the FLSA, codified as 29 U.S.C. §207, and the remaining claims are so related to the federal claim that they form part of the same case, controversy, and are derived from the common nucleus of operative fact.

7. This Court has personal jurisdiction over Defendant as Defendant maintains an office or place of business within this Court's jurisdiction.

8. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claims in this action occurred in this district.

## JURY DEMAND

9. Ms. Williams demands a trial by jury of all issues raised in this Complaint.

## FACTS OF THE CASE

10. Ms. Williams was employed by AAPC on or about July 30, 2015 as an employee of AAPC.

11. Ms. Williams was employed as a Family Care Monitor.

12. Ms. Williams would always work double shifts.

13. Ms. Williams consistently covered other worker's shifts on multiple occasions.

14. AAPC did not pay Ms. Williams in the full amount of hours Ms. Williams worked.

15. AAPC did not pay Ms. Williams the overtime wages she was due for the overtime hours Ms. Williams worked.

16. Ms. Williams' employment with the AAPC was terminated by the AAPC on or about February 15, 2019.

17. Ms. Williams filed a Claim for Unpaid Wages with the U.S. Department of Labor against the AAPC.

18. AAPC still did not pay Ms. Williams the overtime wages she was due for the overtime hours Ms. Williams worked.

19. To this day, AAPC has never paid Ms. Williams the overtime wages she was due for the overtime hours Ms. Williams worked.

### FIRST CAUSE OF ACTION
### FLSA Overtime Wages

20. Ms. Williams repeats and realleges paragraphs 1 through 19, inclusive, as if set forth fully herein.

21. Pursuant to the FLSA, codified in 29 U.S.C. § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

22. Pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

23. AAPC constitutes an employer within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d).

3

24. Ms. Williams is an employee within the meaning contemplated in the FLSA, 29 U.S.C. § 203(e).

25. AAPC failed to pay Ms. Williams all earned overtime wages for the time she worked for Defendant in any given week.

26. The failure of Defendant to pay Ms. Williams her rightfully owed wages was willful.

27. Defendant is liable to Ms. Williams for unpaid wages under the FLSA.

## SECOND CAUSE OF ACTION
### New York Overtime Compensation Law

28. Ms. Williams repeats and realleges paragraphs 1 through 27, inclusive, as if set forth fully herein.

29. 12 NYCRR § 146-1.4 requires that "[A]n employer shall pay for an employee for overtime at a wage rate of 1 ½ times the employee's regular rate for hours worked in excess of 40 hours in one workweek."

30. NYLL § 663 provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

31. AAPC is an employer, within the meaning contemplated, pursuant to NYLL Article 19 § 651(6) and the supporting New York State Department of Labor ("NYSDOL") Regulations.

32. Ms. Williams is an employee, within the meaning contemplated, pursuant to NYLL Article 19 § 651(5) and the supporting NYSDOL Regulations.

33. Ms. Williams worked more than forty hours a week while working for AAPC.

34. Ms. Williams did not receive overtime compensation.

35. Defendant's failure to pay overtime compensation for work performed by Ms. Williams after the first forty hours worked in a week was willful.

36. Defendant violated NYLL § 663 and 12 NYCRR § 146-1.4 and is liable to Ms. Williams for unpaid wages under New York state law.

## RELIEF REQUESTED

**WHEREFORE**, Ms. Williams Ms. Williams respectfully requests judgement awarding damages in favor of Ms. Williams, in an amount to be determined at trial but in no event less than the amount equal to the amount of unpaid wages, interest, attorneys' fees, and costs due to Ms. Williams, and such other and further relief as the Court may deem just and proper.

Dated: December _2_, 2019
New York, New York

Respectfully submitted,

**LEONARD ZACK & ASSOCIATES**

By: _____
Leonard Zack Esq.
*Attorneys for Plaintiff*
505 Park Avenue, Floor 18
New York, NY 10022
Phone: (212) 754-4050
Fax: (212) 202-4006
leonardzack@lzack.com

To: **African American Planning Commission, Inc.**
*Defendant*
P.O. Box 330-707
Brooklyn, New York 11233